

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable N. Pat Edwards
Civil District Attorney
Dallas, Texas

Dear Sir;　　　　　　　　　Attention:　Hon. Warren S. Cook

Opinion No. O-4575
Re: Duties of court reporter and
his compensation

The following questions are submitted to us in your letter of April 29, 1942, requesting the opinion of this department:

"(1) Is a Criminal District Court Reporter of Dallas County, who is on a salary basis under Art. 3524X, R. C. S., entitled to receive fees as extra compensation for taking down other matters than those enumerated in the Statutes, Art. 2324, including argument of counsel?

"(2) Is a Criminal District Court Reporter of Dallas County, who is on a salary basis under Art. 3524X, R. C. S., required to take down other matters than those enumerated in the Statutes, Art. 2324, including argument of counsel?

"(3) If said reporter is entitled to extra compensation, under the law, for such services, who has the authority, if any, to order such service, and to obligate and bind the county for payment thereof?"

We express our appreciation for the copy of your office brief accompanying your letter, and have considered same along with the preparation of this opinion.

Article 2324, Revised Civil Statutes, prescribing the duties of the court reporter, provides:

Honorable H. Pat Edwards, Att'n: Mr. Cook, Page 2

"Each official court reporter shall:

"Attend all sessions of the court, take full shorthand notes of all oral testimony offered in every case tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto.

"Preserve all shorthand notes taken in said court for future use or reference for a full year, and furnish to any person a transcript in question and answer form or narrative form of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to him of the fees provided by law.

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and shall indicate whether he desires same in question and answer form or in narrative form. In the event such transcript should be ordered in question and answer form, then such reporter shall make the same up in duplicate in question and answer form, and shall receive as compensation therefor the sum of fifteen cents per hundred words for the original. In the event said transcript should be ordered made in narrative form, then such reporter shall make up same in duplicate in narrative form, and shall receive as compensation therefor the sum of twenty cents per hundred words for the original; provided, that in case any reporter charges more than the fees herein allowed he shall be liable to the person paying the same a sum equal to four times the excess so paid."

Article 2324c, as amended by Senate Bill 184, Acts 1941, 47th Legislature, provides:

"That the official shorthand reporter of each District Court, Criminal District Court and County Court-at-Law in each county in the State of Texas having a population in excess of two hundred ninety thousand (290,000) inhabitants, according to the last preceding or any future Federal Census, shall receive a

salary of Thirty-six Hundred ($3600.00)
Dollars per annum in addition to the com-
pensation for transcript fees as provided
by law. Said salary shall be paid monthly
on approval of the Judge of such Court out
of the General Fund of the county."

Under the foregoing statutes, the duties and com-
pensation of such official criminal district court reporters
are prescribed and fixed by the Legislature, and they do not
come under the officers' salary law as officials named there-
in.

Section 1 of Chapter 469, Acts 1937, 45th Legisla-
ture, was amended and Section 2 thereof repealed by Senate
Bill 184, Chapter 346, Acts 1941, 47th Legislature. In this
connection, it is appropriate to call your attention to the
fact that Senate Bill 184 as passed by both houses and above
quoted is not the same bill discussed in our opinion No.
O-3339, approved April 10, 1941. Such opinion consequently
does not apply to Article 2326e, supra, as now appearing in
Vernon's Annotated Civil Statutes, as such Senate Bill 184
amendment.

Although Article 2324, supra, prescribes the offi-
cial duties of the official court reporter, the performance
of other duties, such as the taking of notes and making
record of material matters pertaining to the trial, aside
from those enumerated, rests largely within the discretion
of the trial court. McCoy v. State, 108 Tex. Cr. R. 565,
2 S. W. (2d) 244. This article specifically authorizes the
court reporter to contract with any person for furnishing a
transcript in question and answer form or narrative form all
such evidence or other proceedings, or any portion thereof,
upon the payment of the fees provided by law.

We quote from 34 Texas Jurisprudence, § 117, p.
534:

"As we have seen, an officer is not entit-
led to receive any compensation for his offi-
cial services other than that which has been
provided by law. He may not recover from third
persons compensation for the performance of acts
within the scope of his official duties; and ef-
fect will not be given to a contract whereby he
is to receive from the county or from third
persons a different, or a greater or less com-

Honorable H. Pat Edwards, Att'n: Mr. Cook, Page 4

pensation for his official services than
that which has been prescribed by law. But
as to acts which an officer is under no ob-
ligation to perform because of his official
character, he stands as does any nonofficial
person; what such a person may lawfully do
he may do, and contracts which the private
individual may make and enforce he may make
and enforce. . . . He may enter into agree-
ments with private individuals to render un-
official services in consideration of the
payment of direct compensation therefor; and
he may earn a reward if he is under no obli-
gation because of his official position to
do the particular act for which the reward
has been promised."

.Under the foregoing authorities, the taking of
notes or recording proceedings or any portion thereof at
the request of persons other than the trial court, if per-
taining to matters outside the enumerated duties prescribed
by the statutes, the reporter may be said to be performing
non-official duties in which he is under no statutory ob-
ligation to perform. Thus he does not act in any official
capacity when he contracts with private individuals to take
down in shorthand arguments of counsel during the trial of a
case. Where such services are performed at the request of
the trial court, the officer does so without expectation of
receiving extra compensation, since he performs a service
under his appointment and incident to the office of official
court reporter. As already stated, whether or not the offi-
cer is required to perform services material to and pertain-
ing to the trial but outside the enumerated statutory duties,
rests within the trial court's discretion.

In 34 Texas Jurisprudence, ¶ 105, p. 808, it is
said:

"Statutes prescribing fees for public
officers are strictly construed; and hence,
a right to fees may not rest in implication.
Where this right is left to construction, the
language of the law must be construed in favor
of the government. . . ."

The Legislature having prescribed the duties and
fixed the compensation of the office of official court re-

Honorable H. Pat Edwards, Att'n: Mr. Cook, Page 5

porter, we find no authority for allowing ex officio compensation to such officer.

In answer to the three questions propounded by you, it is therefore the opinion of this department that the official court reporter of the Criminal District Court of Dallas County is not entitled to receive fees as extra compensation for taking down or recording other matters, including argument of counsel, than those enumerated in Article 2324, Revised Civil Statutes. Whether or not he is required to record matters material to the trial of a case and outside those enumerated rests within the discretion of the trial court. He is not prohibited, however, from entering into private contract and receiving pay for performance of such services in a non-official capacity, such as taking or recording argument of counsel.

                        Yours very truly

                    ATTORNEY GENERAL OF TEXAS

          By

                        Wm. J. R. King
                           Assistant

WFRK:OO

APPROVED MAY 15, 1942

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN